Amanda Sommerfeld (State Bar No. 185052)
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: asommerfeld@JonesDay.com

Scott Morrison (State Bar No. 320167)
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178
Email: scottmorrison@JonesDay.com

Attorneys for Defendant
FINISHMASTER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONNY PINTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FINISHMASTER INC., an Indiana corporation; and DOES 1-20, inclusive,<br><br>Defendants. | **CASE NO. 2:18-CV-10773**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Diversity Jurisdiction] |

PLEASE TAKE NOTICE THAT Defendant FinishMaster, Inc. ("FinishMaster") hereby removes this matter from the Los Angeles Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are set forth below.

**Claims Asserted in Operative Complaint**

1. On November 13, 2018 Plaintiff Jhonny Pinto ("Plaintiff") filed a

complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 18STCV04593.  That action was captioned *JHONNY PINTO, an individual v. FINISHMASTER, INC., an Indiana corporation; and DOES 1 through 20, inclusive*.  Plaintiff never served his original Complaint on FinishMaster.

2. On November 19, 2018, Plaintiff filed a First Amended Complaint For Damages ("FAC").  In the FAC, Plaintiff asserted claims for: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940, *et seq*.; (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in good faith in the interactive process in violation of FEHA; and (6) wrongful termination in violation of public policy.  The FAC was also filed in the Superior Court of the State of California for the County of Los Angeles with the same case number and caption.

## Compliance with Statutory Requirements

3. Plaintiff served FinishMaster with his FAC on November 30, 2018. FinishMaster's removal of this action is timely because it filed the instant Notice of Removal within 30 days of the date Plaintiff served FinishMaster with the pleading setting forth a claim for relief.  28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

4. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits 1–9 are a "copy of all process, pleadings, and orders served upon [Defendant]" in this action, along with those documents that were filed in the state court action that were not served upon Defendant.

5. FinishMaster filed its answer to Plaintiff's FAC in Los Angeles Superior Court on December 27, 2018.  A true and correct copy of that answer is attached as Exhibit 10.

6. Pursuant to 28 U.S.C. § 1446(d), FinishMaster will promptly provide written notice of removal of this action to Plaintiff's counsel and promptly will file

a copy of this Notice of Removal and the other necessary documents with the Clerk of the Los Angeles County Superior Court.[1]

### Venue and Intradistrict Assignment

7. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the FAC was filed in this District. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Central District of California because Plaintiff filed this case in the Superior Court of California, County of Los Angeles.

### Jurisdiction: Diversity

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is an action between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." We explain the basis for diversity jurisdiction in the paragraphs that follow.

**A.    Plaintiff And Defendant Are Citizens Of Different States.**

9. Plaintiff alleges that he is a resident of California. (FAC ¶ 2.) Therefore, Plaintiff is a citizen of California for purposes of diversity.

10. FinishMaster is, and was at all times relevant to this action, a corporation organized under the laws of Indiana with its principal place of business in Indiana. (Melissa Goldbach Decl. ¶ 3.) Therefore, FinishMaster is a citizen of Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010).

11. All other defendants listed in the caption are fictitious defendants who are ignored for the purposes of a diversity analysis. 28 U.S.C. § 1441(b)(1).

12. Because Plaintiff is a citizen of California and FinishMaster is a citizen

---

[1] A courtesy copy of FinishMaster's "Notice to State Court and Adverse Party of Removal of Civil Action From State Court to United States District Court for the Central District of California" (without exhibits), to be promptly filed with the Los Angeles County Superior Court and served on Plaintiff, is attached as Exhibit 11 to this Notice of Removal.

of Indiana, complete diversity exists between Plaintiff and FinishMaster.  28 U.S.C. § 1332(a)(1).

### B. The Amount In Controversy Exceeds $75,000.

13. Although FinishMaster does not concede liability in any way, Plaintiff's claims in this action place in controversy an amount in excess of the $75,000 jurisdictional minimum.  *See* 28 U.S.C. § 1332; *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

14. In his FAC, Plaintiff does not allege a specific dollar amount in damages.  However, he does assert that he is entitled to general damages, special damages, prejudgment interest, restitution, injunctive relief, punitive damages, attorneys' fees and costs, and post-judgment interest.  (FAC, Prayer ¶¶ 1-6.)  The aggregate amount in controversy for Plaintiff's claims based on the allegations in the FAC for these elements of damage exceeds $75,000 as detailed in the paragraphs that follow.

       i.    General and Special Damages.

15. Plaintiff seeks general and special damages under the FEHA, (FAC ¶¶ 15-55; Prayer ¶ 1), which includes both back pay and front pay.  *See Cloud v. Casey*, 76 Cal. App. 4th 895, 909 (Cal. Ct. App. 1999).

16. During his tenure at FinishMaster, Plaintiff held a position of a full-time delivery driver.  (Melissa Goldbach Decl. ¶ 4).  During his last year of employment, Plaintiff worked, on average, 35 hours per week.  (*Id.* ¶ 6).  At the time of his termination (on or about July 29, 2017), Plaintiff earned $12 per hour.  (*Id.* ¶ 5.)  Accordingly, Plaintiff was earning an average of approximately $420 per week at the time of his termination.  (*Id.* ¶ 6.)

17. To conservatively analyze the amount in controversy, FinishMaster will assume for purposes of these removal papers that Plaintiff can recover back pay *only* for his wages after July 29, 2017, the date on which Plaintiff alleges he was terminated.  (*See* FAC ¶ 24.)  FinishMaster is informed and believes that

Plaintiff has not found alternative employment at any point after his separation from FinishMaster because, among other things, Plaintiff does not allege that he has found alternative employment in his FAC. (*See generally id.*) Accordingly, at the time this Notice of Removal is filed, December 31, 2018, Plaintiff's lost-back-pay claim, without accounting for any additional benefits, will exceed **$31,080**.[2] *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (utilizing this method for calculating the lost wages prong of the plaintiff's potential damage award for the purposes of calculating the amount in controversy).

18. In addition to seeking lost wages, Plaintiff further seeks to recover general damages under FEHA. (FAC, Prayer ¶ 1). Among other things, Plaintiff alleges he has suffered "mental pain and anguish and emotional distress and loss of earning capacity." (*Id.*) Again, Plaintiff has not articulated in his FAC the precise dollar amount of his alleged pain, anguish, and emotional distress. In cases alleging discrimination, damages awarded for emotional distress alone can and routinely do exceed the $75,000 jurisdictional minimum established by 28 U.S.C. § 1332(a). *See e.g., Zhang v. Amer. Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003) (confirming award in discrimination lawsuit of in excess of $100,000 in emotional distress damages); *Espinoza v. County of Orange*, No. 30200800110643, 2009 WL 6323832, at *1 (Cal. Super. Ct. Oct. 8, 2009) (jury award of $500,000 in emotional damages against the plaintiff's employer for a case in which the plaintiff alleged disability discrimination, retaliation, wrongful discharge, and intentional infliction of emotional distress). Assuming for purposes of removal that Plaintiff's emotional distress claim is worth only **$50,000**, the damages Plaintiff seeks for lost wages in connection with his claims, amount to at least $81,080, which easily exceeds the jurisdictional minimum of $75,000.

    ii. <u>Punitive Damages.</u>

---

[2] Plaintiff's average weekly salary as of July 2017 was $420 ($12 per hour multiplied by 35 hours per week). The period of July 29, 2017 to December 31, 2018 equals 74 weeks. $420 multiplied by 74 is $31,080.

19. Plaintiff further seeks to recover what is often the most lucrative form of relief in a suit of this nature: punitive damages. (FAC ¶¶ 33, 44, 49, 56, 63, 71; Prayer ¶ 5). Because Plaintiff's claims for punitive damages are authorized by statute, they are properly considered when determining whether the amount in controversy meets the jurisdictional threshold. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). Punitive damages greatly exceeding $50,000 have been upheld in discrimination suits that, like this one, were brought under FEHA. *E.g.*, *McGee v. Tucoemas Fed. Credit Union*, 63 Cal. Rptr. 3d 808, 816 (Cal. Ct. App. 2017) (affirming award of $1.2 million in punitive damages for disability discrimination, retaliation, and other claims brought under FEHA); *Romero vs. Leon Max Inc.*, 2 Trials Digest 13th 21, 2009 WL 5258439 (Cal. Super. Ct. Nov. 2, 2009) (jury award of $50,000 in punitive damages in case in which the plaintiff claimed she had been discriminated against due to a physical disability, her employer denied her request for accommodation, and terminated her). Assuming for purposes of removal that Plaintiff's punitive damages put in controversy are **$50,000**, FinishMaster has satisfied the amount in controversy for purposes of diversity when those fees are added to Plaintiff's lost wages or emotional distress damages.

### iii. Attorneys' Fees.

20. Finally, Plaintiff seeks to recover statutory attorneys' fees pursuant to FEHA, (FAC ¶¶ 34, 45, 50, 57, 64; Prayer ¶ 6), which amounts are also considered when evaluating the amount in controversy for purposes of determining diversity jurisdiction. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Simmons*, 209 F. Supp. 2d at 1035 (holding that where attorneys'

fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis). Attorneys' fees in cases of this nature, which are taken through trial, often exceed $75,000. *See e.g.*, *Criswell v. Western Airlines, Inc.*, 709 F.2d 544 (9th Cir. 1983) (confirming award of attorneys' fees to a successful plaintiff totaling $313,309 in a discrimination lawsuit). Assuming for purposes of removal that Plaintiff's counsel will incur attorneys' fees of only **$50,000** to prosecute Plaintiff's claims through trial, which is a significant underestimation of the actual fees at issue, FinishMaster has satisfied the amount in controversy for purposes of diversity when those attorneys' fees are added to Plaintiff's lost wages or emotional distress damages.

21. FinishMaster does not concede that Plaintiff has been damaged in any amount or at all, or that he will prevail on any of his claims. If Plaintiff does prevail on his claims, however, FinishMaster conservatively estimates the combined total of lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees that may be awarded exceed this Court's jurisdictional minimum, as is shown by the chart below.

| **TYPE OF RELIEF SOUGHT** | **AMOUNT IN CONTROVERSY** |
|---|---|
| Lost Wages | $31,080 |
| Emotional Distress | $50,000 |
| Punitive Damages | $50,000 |
| Attorneys' Fees: | $50,000 |
| **TOTAL** | $181,080 |

22. The $75,000 amount in controversy requirement for diversity jurisdiction is satisfied.

### General Statement

23. In alleging the amount in controversy for purposes of removal, FinishMaster does not concede in any way that the allegations in Plaintiff's FAC

are accurate, or that Plaintiff is entitled to compensation for lost wages and retirement and other benefits; monetary damages for emotional distress; punitive damages; or attorneys' fees and costs.

24. Based on the allegations above, this action is properly removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: December 31, 2018.                JONES DAY


By: *s/Amanda Sommerfeld*
　　　Amanda Sommerfeld

Attorney for Defendant
FINISHMASTER INC.