# EXHIBIT 1

1  Jace H. Kim, Esq. (SBN 282039)
   Matias N. Castro, Esq. (SBN 308498)
2  **THE DOMINGUEZ FIRM, LLP**
   3250 Wilshire Boulevard, Suite 1200
3  Los Angeles, California 90010
   Telephone: (213) 381-4011
4  Facsimile: (213) 201-8212

5  Attorneys for Plaintiff,
   JHONNY PINTO

FILED
Superior Court of California
County of Los Angeles

NOV 13 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____, Deputy
Kristina Vargas

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

JHONNY PINTO, an individual,

   Plaintiff,

v.

FINISHMASTER INC., a California corporation; and DOES 1 through 20, inclusive,

   Defendants.

Case No. **18STCV04593**

**COMPLAINT FOR DAMAGES FOR:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**

4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

-1-
COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF,** JHONNY PINTO, and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION

1. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendant's obligations and liability arise therein, because Defendant maintains offices and transacts business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

### THE PARTIES

2. Plaintiff, JHONNY PINTO at all times relevant hereto, was residing in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant FINISHMASTER INC. (hereinafter referred to as "DEFENDANT") was, and is, an Indiana corporation, doing business in the County of Los Angeles, State of California.

4. DEFENDANT was Plaintiff's employer within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this court.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants are responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

7. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

8. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9. Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

10. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between DEFENDANT and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

11. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DEFENDANT and DOES 1-20 are, in reality, one and the same.

-3-
COMPLAINT FOR DAMAGES

1    12.    Accordingly, DEFENDANT and DOES 1-20 constitute the alter egos of each other, and
2   the fiction of their separate corporate existence must be disregarded.
3    13.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based
4   thereon alleges that DEFENDANT and DOES 1-20 are Plaintiff's joint employers by virtue of a joint
5   enterprise, and that Plaintiff was an employee of DEFENDANT and DOES 1-20. Plaintiff performed
6   services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all
7   Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in
8   which DEFENDANT's business was and is conducted.
9    14.    Alternatively, Plaintiff is informed and believed and, based thereupon alleges, that as
10  and between DEFENDANT and DOES 1-20, (1) there is an express or implied agreement of assumption
11  pursuant to which DOES 1-20 agreed to be liable for the debts of DEFENDANT, (2) the transaction
12  between DEFENDANT and DOES 1-20 amounts to a consolidation or merger of two or more
13  corporations, (3) DOES 1-20 is a mere continuation of DEFENDANTS, or (4) the transfer of assets to
14  DOES 1-20 is for the fraudulent purpose of escaping liability for DEFENDANT's debts. Accordingly,
15  DOES 1-20 are the successors of DEFENDANT, and are liable on that basis.

## FACTUAL ALLEGATIONS

18   15.    JHONNY PINTO (hereinafter "MR. PINTO") was hired by DEFENDANT to work as a
19  delivery driver in or around the year 2010. MR. PINTO performed all of his job duties satisfactorily
20  before he was terminated on or about July 29, 2017.
21   16.    In or around September 2016, while performing his work duties, MR. PINTO suffered a
22  work accident which resulted in neck, back, and knee injuries.
23   17.    MR. PINTO reported the accident to DEFENDANT and was referred to a doctor to
24  obtain medical treatment.
25   18.    MR. PINTO was evaluated by a doctor, prescribed with medication, and provided with
26  work restrictions.
27   19.    MR. PINTO promptly informed DEFENDANT of his back injury and that a doctor
28  ordered him to work with restrictions, including not to lift certain heavy items.

-4-
COMPLAINT FOR DAMAGES

20. Thereafter, DEFENDANT refused to honor MR. PINTO's work restrictions.

21. In or around February 2017, MR. PINTO complained to DEFENDANT that DEFENDANT's failure to accommodate his work restrictions was aggravating his injuries. In response, DEFENDANT issued MR. PINTO a write up for failing to perform an assigned work task that violated his lifting restriction.

22. Thereafter, DEFENDANT continued to assign MR. PINTO to work that violated his doctor imposed work restrictions.

23. In or around July 2017, MR. PINTO's doctor issued MR. PINTO a return to work report with new work restrictions. MR. PINTO provided this note to DEFENDANT. In response, DEFENDANT told MR. PINTO that there was no work for him with these restrictions. DEFENDANT advised MR. PINTO that he would only be permitted to return to work if he went back to the doctor and got a note that removed all of his work restrictions.

24. Then, on or around July 29 2017, MR. PINTO received a letter from DEFENDANT notifying him of his termination.

25. Accordingly, DEFENDANT wrongfully terminated MR. PINTO's employment on or about July 29, 2017.

## FIRST CAUSE OF ACTION
## FOR DISABILITY DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

26. MR. PINTO re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

27. At all times hereto, the FEHA was in full force and effect and was binding upon DEFENDANT. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

28. FEHA requires employers to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination and

-5-
COMPLAINT FOR DAMAGES

1 | harassment on the basis of disability and/or medical condition, real or perceived, and engagement in
2 | protected activities from occurring.

3 |     29.   MR. PINTO was a member of multiple protected classes as a result of his disability
4 | and/or medical condition and/or the perception that MR. PINTO was suffering from a disability and/or
5 | medical condition.

6 |     30.   At all times relevant hereto, MR. PINTO was performing competently in the position he
7 | held with DEFENDANT.

8 |     31.   MR. PINTO suffered the adverse employment actions of unlawful discrimination, failure
9 | to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or
10 | return to work, asked impermissible non-job-related questions, denied hire or promotion, denied
11 | transfer, denied work opportunities or assignments, and termination, and was harmed thereby.

12 |     32.   MR. PINTO is informed and believes that his disability, medical condition, real and
13 | perceived, engagement in protected activities and/or some combination of these protected
14 | characteristics under Government Code §12926(j) were motivating reasons and/or factors in the
15 | decisions to subject MR. PINTO to the aforementioned adverse employment actions.

16 |     33.   Said conduct violates the FEHA, and such violations were a proximate cause in MR.
17 | PINTO's damage as stated below. The foregoing conduct of DEFENDANTS individually, or by and
18 | through its officers, directors and/or managing agents, was intended by DEFENDANTS to cause injury
19 | to MR. PINTO or was despicable conduct carried out by DEFENDANTS with a willful and conscious
20 | disregard of the rights of MR. PINTO or subjected MR. PINTO to cruel and unjust hardship in conscious
21 | disregard of MR. PINTO's rights such as to constitute malice, oppression, or fraud under Civil Code
22 | §3294, thereby entitling MR. PINTO to punitive damages in an amount appropriate to punish or make
23 | an example of DEFENDANTS.

24 |     34.   Pursuant to Government Code §12965(b), MR. PINTO requests a reasonable award of
25 | attorneys' fees and costs, including expert fees, pursuant to the FEHA.
26 | ///
27 | ///
28 | ///

-6-
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

35. MR. PINTO re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

36. At all times hereto, the FEHA was in full force and effect and was binding upon DEFENDANT.

37. These laws set forth in the preceding paragraph require employers to refrain from retaliating against an employee for engaging in a protected activity.

38. MR. PINTO engaged in the protected activities of reporting a disability, resisting disability discrimination, and requesting an accommodation.

39. MR. PINTO suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, asked impermissible non-job-related questions, denied hire or promotion, denied transfer, denied work opportunities or assignments, and termination, and was harmed thereby.

40. MR. PINTO is informed and believes that his request for accommodation, resisting disability discrimination, and reporting a disability were motivating reasons and/or factors in the decisions to subject MR. PINTO to the aforementioned adverse employment actions.

41. DEFENDANT violated the FEHA by retaliating against MR. PINTO and terminating MR. PINTO for attempting to exercise MR. PINTO's protected rights, as set forth hereinabove.

42. MR. PINTO is informed and believes, and based thereon alleges, that the above acts of retaliation committed by DEFENDANTS were done with the knowledge, consent, and/or ratification of, or at the direction of, each other DEFENDANT and/or the other Managers.

43. The above said acts of DEFENDANT constitutes violations of the FEHA and were a proximate cause in MR. PINTO's damage as stated below.

44. The foregoing conduct of DEFENDANTS individually, or by and through its officers, directors and/or managing agents, was intended by DEFENDANTS to cause injury to MR. PINTO or was despicable conduct carried out by DEFENDANT with a willful and conscious disregard of the

rights of MR. PINTO or subjected MR. PINTO to cruel and unjust hardship in conscious disregard of MR. PINTO's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. PINTO to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

45. Pursuant to Government Code §12965(b), MR. PINTO requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
### IN VIOLATION OF GOV'T CODE §12940(k)
### AGAINST DEFENDANT ALL DEFENDANTS

46. MR. PINTO re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

47. At all times hereto, the FEHA, including in particular, Government Code §12940(k), was in full force and effect and was binding upon DEFENDANT. This subsection imposes a duty on employers to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, DEFENDANTS violated this subsection and breached its duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

48. The above said acts of DEFENDANT constitutes violations of the FEHA, and were a proximate cause in MR. PINTO's damages as stated below.

49. The foregoing conduct of DEFENDANTS individually, or by and through its officers, directors and/or managing agents, was intended by DEFENDANTS to cause injury to MR. PINTO or was despicable conduct carried out by DEFENDANTS with a willful and conscious disregard of the rights of MR. PINTO or subjected MR. PINTO to cruel and unjust hardship in conscious disregard of MR. PINTO's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. PINTO to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

///

50.  Pursuant to Government Code §12965(b), MR. PINTO requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

51.  MR. PINTO re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

52.  At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon DEFENDANT. This subsection imposes a duty on employers to make reasonable accommodation for the known physical disability of an employee.

53.  At all relevant times, MR. PINTO was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. PINTO had a real or perceived disability, a physical condition that affected MR. PINTO's major life activities, and a real or perceived medical condition of which DEFENDANT had both actual and constructive knowledge.

54.  At all times herein, MR. PINTO was willing and able to perform the duties and functions of the position in which MR. PINTO was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would performance of the functions of the employment position with a reasonable accommodation for MR. PINTO's disability or medical condition, actually or as perceived by DEFENDANT, have been a danger to MR. PINTO's or any other person's health or safety. Accommodation of MR. PINTO's disability or medical condition, real or perceived by DEFENDANTS, would not have imposed an undue hardship on DEFENDANT. DEFENDANT failed and refused to accommodate MR. PINTO's disability, failed to engage in the interactive process with MR. PINTO and continued to violate this obligation, up to and including the date of MR. PINTO's termination or, if Defendant contends MR. PINTO was never terminated, through the present and ongoing.

///

55. The above said acts of DEFENDANT constitutes violations of the FEHA and were a proximate cause in MR. PINTO's damage as stated below.

56. The foregoing conduct of DEFENDANTS individually, and/or by and through their officers, directors, and/or managing agents, was intended by DEFENDANTS to cause injury to MR. PINTO or was despicable conduct carried out by DEFENDANTS with a willful and conscious disregard of the rights of MR. PINTO or subjected MR. PINTO to cruel and unjust hardship in conscious disregard of MR. PINTO's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. PINTO to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

57. Pursuant to Government Code §12965(b), MR. PINTO requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

58. MR. PINTO re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

59. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon DEFENDANT. This subsection imposes a duty on employers to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

60. At all relevant times, MR. PINTO was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because MR. PINTO had a physical disability that affected MR. PINTO's major life activities, and medical condition of which DEFENDANT had both actual and constructive knowledge.

-10-
COMPLAINT FOR DAMAGES

61. MR. PINTO reported the disability to DEFENDANTS and requested accommodation, triggering DEFENDANT'S obligation to engage in the interactive process with MR. PINTO, but at all times herein, DEFENDANT failed and refused to do so. Thereafter, despite DEFENDANT'S continuing obligation to engage in the interactive process with MR. PINTO and MR. PINTO's repeated requests for accommodation that would permit him to continue working, DEFENDANT failed and refused to have any dialogue with MR. PINTO whatsoever on any of these occasions, and DEFENDANT violated, and continued to violate this obligation up to and including the date of MR. PINTO's termination or, if Defendant contends MR. PINTO was never terminated, through the present and ongoing.

62. The above said acts of DEFENDANT constitutes violations of the FEHA and were a proximate cause in MR. PINTO's damage as stated below.

63. The foregoing conduct of DEFENDANTS individually, and/or by and through its officers, directors, and/or managing agents, was intended by DEFENDANTS to cause injury to MR. PINTO or was despicable conduct carried out by DEFENDANTS with a willful and conscious disregard of the rights of MR. PINTO or subjected MR. PINTO to cruel and unjust hardship in conscious disregard of MR. PINTO's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. PINTO to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

64. Pursuant to Government Code §12965(b), MR. PINTO requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### SIXTH CAUSE OF ACTION
### FOR WRONGFUL TERMINATION
### IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
### AGAINST ALL DEFENDANTS

65. MR. PINTO re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

///

-11-
COMPLAINT FOR DAMAGES

66. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on DEFENDANT. This law requires employers to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and from retaliating against any employee who engages in protected activity.

67. At all times mentioned in this complaint, it was a fundamental policy of the State of California that employers cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, and/or engagement in protected activity.

68. MR. PINTO believes and thereon alleges that his disability and/or medical condition, real or perceived, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in DEFENDANT'S conduct as alleged hereinabove.

69. Such discrimination and retaliation, resulting in the wrongful termination of MR. PINTO's employment on the basis of disability, medical condition, real or perceived, MR. PINTO's engagement in protected activity, and/or some combination of these factors, were a proximate cause in MR. PINTO's damages as stated below.

70. The above said acts of DEFENDANT constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. DEFENDANTS violated these laws by discriminating and retaliating against MR. PINTO and terminating MR. PINTO's employment in retaliation for exercise of protected rights.

71. The foregoing conduct of DEFENDANTS individually, or by and through its officers, directors and/or managing agents was intended by DEFENDANTS to cause injury to MR. PINTO or was despicable conduct carried out by DEFENDANTS with a willful and conscious disregard of the rights of MR. PINTO or subjected MR. PINTO to cruel and unjust hardship in conscious disregard of MR. PINTO's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling MR. PINTO to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, MR. PINTO seeks judgment against Defendant and each of them, in an amount according to proof.

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3. For restitutionary disgorgement of profits garnered as a result of Defendant's unlawful conduct, failure to pay rest period wages and other compensation in accordance with the law;

4. For injunctive relief barring Defendant's discriminatory employment policies and practices in the future;

5. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendant for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis; For post-judgment interest; and

7. For any other relief that is just and proper.

DATED: November 9, 2018        THE DOMINGUEZ FIRM, LLP

By: _____
Jace H. Kim, Esq.
Matias N. Castro, Esq.
Attorneys for Plaintiff
JHONNY PINTO

///
///
///
///

-13-
COMPLAINT FOR DAMAGES

## JURY TRIAL DEMANDED

MR. PINTO demands trial of all issues by jury.

DATED: November 9, 2018

THE DOMINGUEZ FIRM, LLP

By: _____
Jace H. Kim, Esq.
Matias N. Castro, Esq.
Attorneys for Plaintiff
JHONNY PINTO

-14-
COMPLAINT FOR DAMAGES