Jace H. Kim, Esq. (SBN 282039)
Jace.Kim@dominguezfirm.com
Carlos A. Perez, Esq. (SBN 285645)
Carlos.Perez@dominguezfirm.com
**THE DOMINGUEZ FIRM, LLP**
3250 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (213) 381-4011
Facsimile: (213) 201-8212

Attorneys for Plaintiff,
JHONNY PINTO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONNY PINTO, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FINISHMASTER INC., an Indiana corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:18-cv-10773-CJC-AS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLOS A. PEREZ;**<br><br>**DATE: March 4, 2019**<br>**TIME:  1:30 p.m.**<br>**CTRM.: 7C**<br><br>[Complaint Filed: November 13, 2018] |

**TO DEFENDANT FINISHMASTER HANNIFIN CORPORATION, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2019 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 7C of the United States District Court for the Central District of California located at First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, Plaintiff JHONNY PINTO will move this Court for an order remanding this action to the Los Angeles County Superior Court of the State of

1  California.

2  This motion is made pursuant to 28 U.S.C. § 1447(c), on the grounds that
3  Defendant has failed to meet their burden of establishing original jurisdiction pursuant to
4  28 U.S.C. § 1332(a) because Defendant has failed to demonstrate that the matter in
5  controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28
6  U.S.C. § 1332(a).

7  This motion is based upon this notice, Motion to Remand, Declaration of Carlos A.
8  Perez, the court's file, and upon such further evidence and argument that may be
9  presented at the hearing on this motion.
10 This motion is made following the conference of counsel pursuant to L.R. 7-3.  [Perez
11 Decl., ¶2.]

12                                     Respectfully submitted,

13
14 DATED: January 30, 2019         **THE DOMINGUEZ FIRM, LLP**
15
16                                 By:    */S/ CARLOS A. PEREZ*
                                          Jace H. Kim, Esq
17                                        Carlos A. Perez, Esq.
                                          Attorneys for Plaintiff
18                                        JHONNY PINTO

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................... 6

II. STANDARD OF REVIEW ................................................................................ 6

III. THIS CASE SHOULD BE REMANDED TO STATE COURT. ........................... 8

    A.  Defendant Has Failed To Provide Sufficient Evidence To Meet Its Burden. ................................................................................................... 8

        1.  Defendant's estimate of Economic Damages is Grounded On Speculation. ................................................................................. 8

        2.  Other Damages ............................................................................. 9

        3.  Punitive Damages ....................................................................... 10

        4.  Attorneys' Fees ........................................................................... 12

IV. CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

<u>Cases</u>

*Abrego Abrego v. The Dow Chemical Co.*
   443 F.3d 676 (9th Cir.2006) ................................................................................. 7, 8

*Burk v. Med. Sav. Inc. Co.*
   348 F.Supp.2d 1063 (D. Ariz. 2004) ........................................................................ 10

*Conrad Associates v. Hartford Acc. & Indent Co.*
   994 F.Supp. 1196 (N.D.Cal.1998) ............................................................... 10, 11, 12

*Emrich v. Touclie Ross & Co.*
   846 F.2d 1190 (9th Cir. 1988) .................................................................................... 6

*Espinoza v. County of Orange*
   No. 30200800110643, 2009 WL 6323832 ............................................................ 9, 10

*Gaus v. Miles, Inc.*
   980 F.2d 564 (9th Cir.1992) ............................................................................... 6, 7, 8

*Gibson v. Chrysler Corp.*
   261 F.3d 927 (9th Cir. 2001) ..................................................................................... 10

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*
   199 F.Supp.2d 993 (C.D.Cal.2002) ............................................................................ 7

*Matheson v. Progressive Specialty Ins. Co.*
   319 F.3d 1089 (9th Cir.2003) ...................................................................................... 7

*McGee v. Tucoemas Fed. Credit Union*
   63 Cal. Rptr. 3d 808 (Cal. Ct. App. 2017) ................................................................ 11

*Quinby v. State Farm Fire and Cas. Co.*
   2015 WL 5566291 (D. Nev. 2015) ............................................................................ 11

*Romero v. Leon Max Inc.*
   2 Trials Digest 13th 21, 2009 WL 5258439 (Cal. Super. Ct. Nov 2, 2009) ............. 11

*Sanchez v. Monumental Life Ins. Co.*
   95 F.3d 856 (9th Cir.1996) ......................................................................................... 7

*Simmons v. PCR Tech.*
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) .............................................................. 10, 12

*Singer v. State Farm Mut. Auto. Ins. Co.*
   116 F.3d 373 (9th Cir.1997) ....................................................................................... 7

*Soto v. Kroger Co.*
   No. CV 12-00780 DOC, 2013 WL 3071267 (C.D. Cal. 2013) .................................. 8

*Steel Co. v. Citizens for a Better Environment*
   523 U.S. 83 (1983) ...................................................................................................... 6

*Valdez v. Allstate Ins. Co.*
   372 F.3d 1115 (9th Cir. 2004) ........................................................................... 8

*Zhang v. Amer Gem Seafoods, Inc.*
   339 F.3d 1020 (9th Cir. 2003) ........................................................................... 9

<u>Statutes</u>

28 U.S.C. § 1332(a) ............................................................................................ 2, 6

28 U.S.C. § 1446(c)(2) ............................................................................................ 6

28 U.S.C. § 1447(c) ................................................................................................. 2

Cal. Govt. Code § 12940 ........................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff JHONNY PINTO ("MR. PINTO") brought this employment disability discrimination[1] and wrongful termination action against his former employer, FINISHMASTER INC., (hereinafter referred to as "FINISHMASTER" or "Defendant") in Los Angeles Superior Court.

Defendant removed this action claiming diversity jurisdiction. However, Defendant failed to set forth sufficient factual or legal evidence demonstrating that the amount in controversy requirement had been met. Therefore, Defendant has failed to satisfy its burden to demonstrate that the amount in controversy exceeds $75,000 and this case should be remanded to state court.

## II. STANDARD OF REVIEW

It is well-established that a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1983). In the removal context, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). District courts must construe the removal statutes strictly against removal, and resolve any uncertainty in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

The Ninth Circuit has consistently held that "the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. at 566-567 (internal citation omitted) ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"]. *See, also Emrich v. Touclie Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) ["The burden of establishing federal jurisdiction is upon the party seeking removal"]; *Abrego Abrego v.*

---

[1] Based on the FEHA (Fair Employment and Housing Act - Cal. Govt. Code § 12940 et seq.).

*The Dow Chemical Co.* 443 F.3d 676, 684 (9th Cir.2006) (per curiam) [noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"]. As such, any doubts are resolved in favor of remand. *Gaus* at 980 F.2d at 566-567 ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"].

Diversity jurisdiction grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(l). Generally, when removal is on the basis of diversity jurisdiction, the sum demanded in the initial complaint shall be deemed the amount in controversy. 28 U.S.C. § 1446(c)(2).

However, in cases where "the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [$75,000], the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount," by a preponderance of the evidence, through admissible, summary-judgment type of evidence. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 403 (9th Cir.1996) (internal quotation marks omitted, emphasis added); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002) ["If the amount in controversy is not clear on the face of the complaint...defendant must...submit summary-judgment type evidence to establish that the actual amount in controversy exceeds" the applicable threshold (internal quotations omitted)]. The district court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) [quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373,377 (9th Cir.1997)]. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-1091. "[A] conclusory allegation 'neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion

that the amount in controversy exceeds" the applicable dollar value)." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).

### III.  THIS CASE SHOULD BE REMANDED TO STATE COURT.

In this case, MR. PINTO's Complaint does not allege that the amount in controversy exceeds $75,000. The Complaint generally seeks "a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits…special damages…general damages for mental pain and anguish and emotional distress and loss of earning capacity", interest, punitive damages in an amount "sufficient to punish" the defendants, costs of suit, attorneys' fees, and expert fees.  (First Amended Complaint "FAC" Prayer. ¶¶ 1-5.)   The individual amounts for such damages and the total amount for all of the damages to which MR. PINTO is seeking, however, are not clear. Therefore, to meet their burden, Defendants must "prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Abrego Abrego v. The Dow Chem. Co.*, at 683.

#### A.  **Defendant Has Failed To Provide Sufficient Evidence To Meet Its Burden.**

It is not facially apparent from the Complaint that the amount in controversy exceeds $75,000.  Additionally, taking into consideration Defendants' removal Petition only, the amount in controversy as of December 31, 2018 is ambiguous because it does not set forth the requisite factual evidence to demonstrate that it is more likely than not that the amount in controversy requirement has been met.

##### 1.  **Defendant's estimate of Economic Damages is Grounded On Speculation.**

As courts have recognized when measuring lost wages, "the guiding principle is to measure amount in controversy at the time of removal" *See Soto v. Kroger Co.*, No. CV 12-00780 DOC, 2013 WL 3071267, at 3 (C.D. Cal. June 17, 2013). FINISHMASTER speculates that MR. PINTO lost-back-pay at the time the Notice of Removal ("Not.") was

filed exceeded $31,080.00 (Not. ¶ 17.) In support of its unsupported contention, FINISHMASTER assumes that MR. PINTO has not mitigated damages. This assumption is arbitrary and purely speculative. FINISHMASTER does not know if MR. PINTO has been successfully mitigating his damages since he was terminated on or about July 29, 2017, nor can FINISHMASTER see into the future to know whether he will be able to mitigate his damages and to what extent. Assuming *arguendo* that Plaintiff's lost-back-pay was $31,080.00 at the time of removal, as Defendant contends, FINISHMASTER has failed to prove by a preponderance of the evidence that Plaintiff's wage loss exceeds or even approaches the jurisdictional threshold.

### 2. **Other Damages**

As noted by FINISHMASTER, Plaintiff did not make a specific claim for amount of damages for emotional distress. (Not. ¶ 18.) Assuming emotional distress damages are potentially recoverable, FINISHMASTER's assertion that for purposes of removal Plaintiff's emotional distress claim is worth $50,000.00 because employment lawsuits that it cited were found to have met the jurisdictional minimum, is a grand overgeneralization. This allegation by FINISHMASTER is conclusory and fails to meet FINISHMASTER's burden. First, even assuming that lost wages at the time of removal would be approximately $31,080.00, FINISHMASTER has set forth **no** analogous facts from the cases that it cited that should lead the Court to find that the amount in controversy at removal exceeded $75,000. This is because FINISHMASTER did not cite to a single disability discrimination case that would be analogous to this case. *Zhang* was a race discrimination case in which the plaintiff was openly mistreated because of his race and was even terminated him in a public location via a loud announcement by management. *See Zhang v. Amer Gem Seafoods, Inc.*, 339 F.3d 1020, 1025 – 1026 (9th Cir. 2003).

Moreover, Defendant's reliance on *Espinoza* is also misplaced given that the operative complaint in *Espinoza* included a cause of action for Harassment which is not present in the instant case. *See Espinoza v. County of Orange*, No. 30200800110643,

2009 WL 6323832, at *1. In *Espinoza* the plaintiff was born with a deformed right hand and was subjected to pervasive harassment by co-workers. *See Espinoza*, 2009 WL 6323832, at *1.

Further, like the defendant in *Conrad Associate*, FINISHMASTER made no effort to compare the facts of those cases with the alleged facts of this case and the actual facts of the cases cited bear little or no resemblance to this case. *See Conrad Associates v. Hartford Acc. & Indent Co.*, 994 F. Supp. 1196, 1201. Hence, the Court should ignore the case cited by FINISHMASTER as they are not analogous to this case.

### 3. **Punitive Damages**

FINISHMASTER also contends that MR. PINTO seeks punitive damages (Not. ¶ 19.) In *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002*)*, the court acknowledged that punitive damages may be included when recoverable by law when determining the amount in controversy. *Simmons*, 209 F. Supp.2d at 1033-34. While punitive damages may be included in the amount in controversy calculation, Plaintiff's request for such damages does not aid Defendant's argument. See *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.").

Defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." *Burk v. Med. Sav. Inc. Co.*, 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004) (holding that a removing defendant may establish "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases.") *See also, Conrad Associates,* 994 F. Supp. at 1201 (finding that defendant failed to meet its burden where defendant failed to compare the facts of the cases it cited with the alleged facts of the case at issue and where "the cases cited by defendant bear little or no resemblance" to the case at issue).

However, FINISHMASTER has failed to do so. "It is well established that when determining the amount in controversy, a court cannot consider awards issued in other actions unless a defendant identifies factual similarities which raise an inference that a

similar award might be warranted." *See*, e.g., *Conrad Associates*, 994 F. Supp. at 1201; *Quinby v. State Farm Fire and Cas. Co.*, 2015 WL 5566291, *2 (D. Nev. 2015) (finding that where the defendant failed to make any factual comparison whatsoever, and instead merely relied on the fact that the plaintiffs in the cited cases raised the same causes of action set forth in the instant case, the defendant failed to satisfy its burden to demonstrate that the amount in controversy exceeded $75,000).

Here, FINISHMASTER merely cites to *McGee v. Tucoemas Fed. Credit Union*, 63 Cal. Rptr. 3d 808 (Cal. Ct. App. 2017) which awarded $1.2 million in punitive damages but failed to provide any detail as to the facts surrounding that case and provided no factual comparison whatsoever, other than identifying it as a disability discrimination case. However, *McGee* is clearly distinguishable as the defendant in that case engaged in a pattern of behavior aimed at humiliating plaintiff and forcing her to quit following plaintiff's cancer surgery. The plaintiff in *McGee* was threatened with termination if she did not return to work after four months leave, and if she did return after the designated date, she would be demoted with an 11 percent pay decrease. *Id.* at 810 – 811. The Instant case <u>does not</u> allege that Defendants made threats to fire PINTO nor was PINTO forced to quit – he alleges he was terminated from his employment. (FAC. ¶¶15-25.) In addition, the punitive damages in *McGee* bear a reasonable relation to the actual damages of that case where the plaintiff in *McGee* was the Vice President of Lending for the defendant. *Id.* at 816. Here, no such allegations exist, nor has Plaintiff made any assertion about the amount of damages he has incurred.

Similarly, *Romero*, is also easily distinguishable as the plaintiff in that case, in addition to claiming that she had been discriminated against due to a physical disability, also brought causes of action against the defendant for gender discrimination, harassment, assault, battery, and intentional infliction of emotional distress which are not present in the Instant Case. *Romero vs. Leon Max Inc.,* 2 Trials Digest 13th 21, 2009 WL 5258439 (Cal. Super. Ct. Nov 2, 2009). As such, the circumstances in *Romero* are not even remotely analogous to the case at hand and therefore should not even be considered

by this Court.

### 4. Attorneys' Fees

FINISHMASTER's contention that Plaintiff's counsel will incur attorneys' fees of $50,000.00 to prosecute Plaintiff's claims through trial is similarly baseless. (Not. ¶ 20.)

Only attorney's fees incurred up to the time the case has been removed are counted toward the amount-in-controversy threshold. *Conrad Associates*, 994 F. Supp. at 1199. Although *Simmons,* 209 F.Supp.2d at 1034-1035, stated that the Ninth Circuit "must have anticipated that district courts would project fees beyond removal", this statement is dicta and complete speculation.

Further, FINISHMASTER's fee calculation is based on nothing more than guesswork. FINISHMASTER has not provided any foundation as to how long MR. PINTO's attorneys have been practicing law or routinely bill for their work. A mere statement by FINISHMASTER that in employment cases, fee awards normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction is not sufficient. (Not. ¶ 20.) Otherwise, every employment case which involves citizens from different states between plaintiff(s) and defendant(s) would be subject to the jurisdiction of the federal courts. Finally, because FINISHMASTER failed to submit any admissible evidence to establish the amount of attorneys' fees MR. PINTO has or may have incurred as of the time FINISHMASTER removed this action, it cannot be reasonably concluded that that amount will likely exceed $75,000. Hence, based on FINISHMASTER'S failure to provide any information with regard to MR. PINTO's attorneys, such as how long they have been practicing and how many hours of attorney work could be expected in a disability discrimination case, the Court should disregard these conclusory and speculative statements.

## IV. CONCLUSION

FINISHMASTER failed to provide the requisite summary judgment type evidence that the amount in controversy exceeds $75,000. Defendant's sole reliance on conclusory and speculative statements, in addition to its failure to provide any factual evidence,

1 failure to cite to analogous cases to support its conclusory and speculative statements
2 renders its claim that the amount in controversy exceeds the jurisdictional requirement
3 meritless. FINISHMASTER therefore clearly fails to establish its burden of proof. As a
4 result, MR. PINTO respectfully requests that the Court remand this action to state court.

6     Respectfully submitted,

8 DATED: January 30, 2019     **THE DOMINGUEZ FIRM, LLP**

10     By:   */S/ CARLOS A. PEREZ*
          Jace H. Kim, Esq.
11           Carlos A. Perez, Esq.
          Attorneys for Plaintiff
12           JHONNY PINTO

**DECLARATION OF CARLOS A. PEREZ**

I, Carlos A. Perez, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am associated with THE DOMINGUEZ FIRM, LLP counsel for Plaintiff JHONNY PINTO in this action. I have personal knowledge of the facts set forth in this declaration and if called upon as a witness could and would testify competently to them. This declaration is filed in support of Plaintiff's motion to remand.

2. On January 23, 2019, I met and conferred with Amanda Sommerfeld over the telephone regarding this motion. We were unable to resolve our differences regarding the remand of this action to state court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of January 2019 at Los Angeles, California.

*/S/ CARLOS A. PEREZ*
CARLOS A. PEREZ

-14-   Case No. 2:18-cv-10773-CJC-AS
PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT