# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JHONNY PINTO,<br><br>Plaintiff,<br><br>v.<br><br>FINISHMASTER, INC., et al.,<br><br>Defendants. | Case No.: CV 18-10773-CJC(ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 11]** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Jhonny Pinto, a California resident, brings this action against his former employer, Defendant Finishmaster Inc., an Indiana corporation, and Does 1 through 20. (*See* Dkt. 1-6 [First Amended Complaint, hereinafter "FAC"].) In 2010, Defendant hired Plaintiff to work as a delivery driver. (*Id.* ¶ 15.) In September 2016, Plaintiff suffered an

accident while at work that resulted in neck, back, and knee injuries. (*Id.* ¶ 16.) He reported the accident to Defendant and saw a doctor, who subsequently ordered work restrictions, such as not lifting certain heavy items. (*Id.* ¶¶ 17–18.) Defendant allegedly failed to honor these work restrictions. (*Id.* ¶ 20.) In February 2017, Plaintiff complained about this failure, and Defendant issued a write-up for Plaintiff's failure to complete an assigned work task. (*Id.* ¶ 21.) Defendant allegedly continued to assign work that violated Plaintiff's work restrictions. (*Id.* ¶ 22.) In July 2017, a doctor issued Plaintiff a new return to work report with new work restrictions. (*Id.* ¶ 23.) Defendant allegedly told Plaintiff that there was no work for him with these restrictions and that he would be permitted to work only if he got a note from the doctor that removed the work restrictions. (*Id.*) On July 29, 2017, Defendant terminated Plaintiff. (*Id.* ¶ 24.)

On November 13, 2018, Plaintiff filed this action in Los Angeles County Superior Court. (Dkt. 1-1.) Plaintiff asserts state law claims for (1) disability discrimination, (2) retaliation, (3) failure to prevent discrimination and retaliation, (4) failure to provide reasonable accommodations, (5) failure to engage in a good faith interactive process, and (6) wrongful termination in violation of public policy. (*See generally* FAC.) On December 31, 2018, Defendant removed the case to federal court. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiff's motion to remand to state court. (Dkt. 11 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

//

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 4, 2019, at 1:30 p.m. is hereby vacated and off calendar.

## II. ANALYSIS

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court may assert diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. A defendant seeking removal based on diversity bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied, unless the amount in controversy is clear on the face of the complaint. *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). The defendant must make this showing with "summary-judgment-type evidence." *Id.*

Although the parties in this action are diverse, Defendant has failed to meet its burden that the amount-in-controversy requirement is satisfied. Defendant acknowledges that Plaintiff seeks economic damages amounting only to $31,080 at the time of the removal. (NOR ¶ 17.) To account for the gap between this figure and $75,000, Defendant asserts that Plaintiff's demand for emotional distress damages, punitive damages, and attorneys' fees will exceed the amount-in-controversy requirement. (*See* Mot. at 7–12.) Defendant, however, fails to prove that the amount-in-controversy requirement is met based on these three categories of awards.

First, Plaintiff seeks unspecified damages for emotional distress. Emotional distress damages may be considered in determining the amount in controversy. *Kroske v.*

*U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). To establish probable emotional distress damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts. *Daley v. Walmart Stores, Inc.*, 2018 WL 3104630, at *5 (C.D. Cal. June 21, 2018). "While settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *Aguilar v. Wells Fargo Bank, N.A.*, 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015). Defendant, in its opposition, sets forth several examples of settlements and jury verdicts. But many of the cited settlements do not even separate out emotional distress damages. *See Camarena v. City of Santa Monica*, 2015 WL 4465109 (Cal. Super. Ct. Feb. 10, 2015) (settling police officer's disability discrimination case for lump sum of $97,500); *EEOC v. Target Stores*, 2011 WL 6010563 (C.D. Cal. July 21, 2011) (settling employee's ADA disability discrimination claim for total sum of $160,000). And the other cited cases are factually distinguishable. *See Hankins v. El Torito Rests.*, 1994 WL 1030295 (Cal. Super. Ct. July 1, 1994) (awarding $80,000 in emotional distress damages to disability discrimination claim brought by a customer, not an employee); *Gomez v. Magco Drilling*, 2015 WL 6523737 (Cal. Super. Ct. Sept. 24, 2015) (awarding $45,000 in pain and suffering where plaintiff sought more in past wages than the instant case). The Court recognizes that emotional distress damages in this action might be substantial, but Defendant has failed to provide sufficient evidence that they cause the amount at stake to exceed the jurisdictional minimum of $75,000.

Second, Plaintiff seeks an unspecified amount in punitive damages. Besides boilerplate assertions that Defendant acted with "a willful and conscious disregard" for Plaintiff's rights and subjected him "to cruel and unjust hardship," the First Amended Complaint does not detail the factual allegations that support Plaintiff's claim for punitive damages, and Defendant has provided no additional evidence. (*See* FAC ¶ 33.) Defendant's cited cases are distinguishable and unpersuasive. In *Romera v. Leon Max, Inc.*, for instance, the jury awarded punitive damages against the plaintiff's former

manager for negligent infliction of emotional distress—a claim not even asserted by Plaintiff here. 2009 WL 6377826 (Cal. Super. Ct. Nov. 2, 2009). And in *Amigon v. Cobe Color Cosmetics*, the plaintiff asserted a claim for disability discrimination based on medical complications that arose after a miscarriage—circumstances factually distinct from those at hand. 2009 WL 7497138 (Cal. Super. Ct. Apr. 15, 2009). Defendant has not met its burden of proving that the punitive damages at stake here would cause the amount in controversy to exceed $75,000.

Third, Plaintiff seeks attorneys' fees under the FEHA. With respect to attorneys' fees, district courts in the Ninth Circuit "are split as to whether a court should consider only attorneys' fees incurred as of the time of removal or fees reasonably likely to be incurred after the date of removal." *Daley*, 2018 WL 3104630, at *5 (deciding better approach is to calculate attorneys' fees at the time of removal "because diversity jurisdiction is a limited grant of jurisdiction"); *cf. Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (opting to consider post-removal attorneys' fees because they are part of the total "amount at stake"). No matter what approach this Court adopts, Defendant fails to meet its burden. Defendant submits no evidence to support its calculation of attorneys' fees, which it calculates to be $30,000, based on an estimated 100 hours of work at $300 per hour. (Dkt. 12 [Opposition] at 12.) Defendants submit no evidence regarding Plaintiff's counsel's typical fee or the hours typically spent on a case like this. And even if the Court were to accept this unsupported estimate, Defendant still fails to prove that the amount-in-controversy requirement is met, given its failure to meet its burden with respect to emotional distress and punitive damages.

In sum, Defendant fails to meet its burden of proving that the amount in controversy exceeds the alleged $31,080 in economic damages, much less the $75,000 jurisdictional requirement. Indeed, Plaintiff has indicated that he does not know "at this

juncture of the case" whether he will seek an amount in excess of $75,000 and is "uncertain" that the damages sought will exceed $75,000. (Dkt. 15 at 2–3.) Since the Court lacks subject matter jurisdiction over this case, Plaintiff's motion to remand is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. The Court hereby **REMANDS** this case to Los Angeles County Superior Court.

DATED: February 26, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE